UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CALVIN LEWIS**<br>    LA. DOC #117327<br>VS. | CIVIL ACTION NO. 5:15-cv-2504<br><br>SECTION P<br><br>JUDGE S. MAURICE HICKS |
| **BOSSIER PARISH MEDIUM**<br>**FACILITY, ET AL.** | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

  Pro se plaintiff Calvin Lewis, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 8, 2015.  Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Bossier Medium Facility (BMF) and complains that he was denied prompt and adequate medical care for an injury he sustained when he slipped and fell on July 8, 2015. He sued Sgts. Wolfe, Alford, and Donald along with Lt. Jones and the BMF and prayed for $350,000 in damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Statement of the Case*

  In his original complaint plaintiff alleged that on July 8, 2015, he approached the big sink by the monitor, reached down to turn the water on;  seconds later he slipped on some water that had accumulated on the floor and fell down causing pain to his lower back, right hip, and head.

  According to plaintiff he requested medical care at a hospital from a physician but his

requests were denied. He was examined by Nurse Kimberly and she gave him Ibuprofen for pain and stool softeners. Plaintiff claimed that his "swelling and fatigue" were observed by her but she did not take x-rays or refer plaintiff to the hospital. Plaintiff claims that he continues to suffer and seeks money damages for neglect, pain, and suffering. [Doc.1]

On December 14, 2015, plaintiff was directed to amend his complaint. Among other things he was directed to supply – (1) the name of <u>each person</u> who allegedly violated plaintiff's constitutional rights; (2) a description of what actually occurred or <u>what each defendant did to violate plaintiff's rights</u>; (3) <u>the place and date that each event occurred</u>; and (4) a description of the <u>alleged injury</u> sustained as a result of the alleged violation.

The amend order also noted that plaintiff identified four corrections officers as defendants; however, he alleged no fault on their parts. It was further noted that plaintiff named BMF as a defendant in the caption of his complaint. Plaintiff was advised to delete BMF as a defendant since it does not appear that the facility has the capacity to be sued under Louisiana law.

Finally, plaintiff was advised to amend his complaint to provide a more detailed description of his medical condition, the treatment and medication he claims that he is entitled to and the injuries and the harm sustained as a result of the defendants' fault. He was further instructed to demonstrate deliberate indifference on the part of each defendant and to specify the type of treatment he is entitled to and the precise nature of the injury he claims to have sustained. [Doc. 8]

On December 18, 2015, he submitted a one page hand-written amendment which addressed none of the issues raised in the amend order and stated instead, "... the first person Sgt.

Wolf ... denied me medical on July 8, 2015, at 0553 after this injury took place in D-4 Dorm. After finally getting to see the nurse, Mrs. Kim denied me x-rays and handed me IBU's and stoll softeners. [Until] this day I still can't walk..." [Doc. 8]

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Medical Care*

Plaintiff is an inmate in the custody of the LDOC. He complains that the defendants – various corrections officers and Nurse Kim – violated his Eighth Amendment right to be free

from cruel and unusual punishment when they failed to provide him prompt and appropriate medical care.

The constitutional right of a convicted prisoner to appropriate medical care is indeed based upon the Eighth Amendment's prohibition of cruel and unusual punishment. In order to establish an actionable violation of the Eighth Amendment, the prisoner plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

It is manifestly obvious that plaintiff simply disagreed with the treatment decisions of Nurse Kim who was initially responsible for his care and treatment. Plaintiff admits that he was examined by Nurse Kim and she provided him with ibuprofen for pain and swelling and a stool softener for his constipation. Plaintiff disagrees with the conclusions and treatment options provided by Nurse Kim, and insists that she should have arranged for him to have x-rays; however, his mere disagreement with Nurse Kim's diagnostic or treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

In any event, in order to allege a violation of the Eighth Amendment plaintiff must not only demonstrate deliberate indifference on the part of the defendant, but he must also demonstrate that the deliberate indifference resulted in substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). Plaintiff was directed to provide a detailed description of the harm he sustained as a result of the defendants' deliberate indifference. He failed to provide this information as directed and instead provided an unsubstantiated and conclusory allegation in his amended complaint alleging only that "... I still can't walk..." Clearly plaintiff has failed to establish deliberate indifference on the part of any of the defendants and his medical care claims should be dismissed for failing to state a claim for which relief may be granted.

*3. Corrections Officers*

As previously noted, plaintiff sued Sgts. Wolfe, Alford, and Donald, along with Lt. Jones. He was directed to provide a detailed description of how each of these corrections officers violated his rights. His only response was "... Sgt. Wolf... denied me medical..." Clearly, he has failed to state a claim for which relief may be granted with regard to these defendants.

*4. Bossier Minimum Facility*

Finally, plaintiff named BMF as a defendant. As previously noted, Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the BMF has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. BMF is not a juridical person and therefore plaintiff's claims against this defendant are frivolous.

5

*Conclusion and Recommendation*

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.[1]

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

---

[1] As previously noted, plaintiff has been allowed to proceed *in forma pauperis* herein. He should be aware of the provisions of 28 U.S.C. §1915(g) which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has already accrued at least 2 such dismissals – *Calvin Lewis v. Larry Cox, et al.*, No. 3:11-cv-0396 (W.D.La.) which was dismissed as frivolous on July 25, 2011 and *Calvin Lewis v. East Baton Rouge Parish Prison, et al.*, No. 3:07-cv-0054 (M.D.La.) which was dismissed for failing to state a claim on April 2, 2007. Should the Court adopt this recommendation and dismiss plaintiff's complaint as frivolous, plaintiff will acquire a third strike, and be subject to the provisions of Section 1915(g).

**the legal conclusions accepted by the District Court, except upon grounds of plain error.**

*See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, February 16, 2016.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**